[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12020
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00477-JEC-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO MENDOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2011)

Before EDMONDSON, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Pedro Mendoza appeals his 46-month sentence, imposed after he pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). Mendoza argues that his sentence is substantively unreasonable because he has been deported only once, he remained out of the country for an extended period of time, he committed no new crime, and he is unlikely to return to the United States because he was able to earn a living in Mexico. Mendoza also argues his sentence is disproportionate to the mean sentence imposed both nationally and in the Northern District of Georgia for illegal reentry of a deported alien.

We review a final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). "The review for substantive unreasonableness[1] involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2006), cert. denied 129 S.Ct. 2848 (2009). The sentencing court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in the statute. 18 U.S.C. § 3553(a)(2). We

---

[1] Appellant challenges only the substantive, and not the procedural, reasonableness of his sentence.

reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

Mendoza fails to demonstrate that his sentence is substantively unreasonable in light of the record and the § 3553(a) factors. As an initial matter, the 46-month sentence imposed was the prescribed minimum in the applicable guideline range of 46 to 57 months, and we ordinarily expect that a Guideline sentence is reasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Mendoza's argument that he is not a risk to reenter the United States is unpersuasive. That he has a farm and was earning a living in Mexico did not deter him from the reentry for which he pleaded guilty in this matter. Mendoza provides no evidence that he is less likely now to attempt to illegally return to the United States then he was when he violated the law in 2009. The district judge rightly concluded that deterrence was a meaningful consideration in spite of Mendoza's established life in Mexico.

Mendoza claims that this sentence was disproportionally harsh, far

exceeding the average sentence given for an offense under § 3553(a). However, Mendoza cites only general sentencing statistics. He fails to identify a single similarly situated defendant, particularly one who had been deported for committing a serious drug-related offense, who received a shorter sentence. Thus, Mendoza fails to show an unwarranted disparity that renders his sentence unreasonable.[2] Because Mendoza's sentence is supported by the record and the § 3553(a) factors, the district court did not abuse its discretion by sentencing Mendoza to 46 months' imprisonment. Accordingly, Mendoza's sentence is affirmed.

**AFFIRMED.**[3]

---

[2] Mendoza's remaining arguments demand little discussion. He claims that the district court should have taken note of the fact that he did not try to reenter between 2005 and 2009. However, Mendoza was on probation during this period of time, likely deterring him from violating § 1326(a).

Mendoza also claims that the district court failed to take into account the fact that he committed no new crime. He does not explain why this factor is not adequately accounted for by the Guidelines, nor does he offer any authority for this as a factor that the district court should have considered.

[3] Appellant's request for oral argument is denied as moot.